■ In the Matter of the Claim of FRANCIS SCHNEIDER, Respondent, v. BRUCKNER BEVERAGES, INC., et al., Respondents, and FUND FOR REOPENED

Cases, Appellant. Workmen's Compensation Board, Respondent.— *Per Curiam*. Appellant Special Fund for Reopened Cases contests the board's determination that the Fund is not entitled to a credit, against the award in a reopened case, of the amount of a lump sum settlement made in 1953. In a previous decision, from which no appeal was taken, the board discharged the carrier and held the Special Fund responsible, finding "that the lump sum adjustment of $6,000.00 allocated at $32.00 reduced earnings extends to Jan. 22, 1957", more than three years prior to the reopening. In the decision now appealed from the board held that the lump sum has "been expended". The Fund relies on proof that after the settlement claimant worked steadily at wages in excess of his preaccident wage rate; and although conceding that the prior decision was correct, contends that the decision did no more than apply the statutory formula (Workmen's Compensation Law, § 25-a, subd. 7) to shift responsibility from the carrier to the Fund without, however, affecting its asserted right of offset. We held in *Matter of Weyzk* v. *Town of Stafford* (8 A D 2d 560, 561) that "a lump sum settlement cannot be indefinitely extended by excluding weeks during which claimant worked at preinjury wages"; and in reversing upon other grounds, the Court of Appeals, after remarking that, "The statute requires the board to spread the lump sum settlement *at the rate applicable to the disability found* at the time of the approval of the lump sum settlement * * * it is the status of the disability, not the amount of the award that controls", then said that it was "not necessary to turn to the controversy concerning the legality of excluding the weeks during which the claimant worked at preinjury wages in projecting the spread of the lump settlement at the weekly disability rate." (7 N Y 2d 121, 124–125.) The question has since remained open. Although the formula provided by subdivision 7 is, in the language thereof, to be applied in determining the date of the last payment of compensation "For the purposes of this section", that "section" is the broad and comprehensive statute, substantive as well as procedural, which creates rights and liabilities in reopened cases and provides basically that "if an award is made it shall be against the special fund" (subd. 1). The statute is both comprehensive and explicit in detailing the Fund's liability, its rights and the limitations on each. Absent any statutory provision to the contrary, the Fund's liability to pay this award would seem to have been fixed by the unappealed decision, above quoted, "that the lump sum adjustment * * * extends to Jan. 22, 1957". In this view of section 25-a, considered in entirety, we need not consider the effect, if any, of section 22, providing, among other things, that no review of an award "shall affect such award as regards any moneys already paid". Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.